**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**TIMOTHY LAMONT RUFF,**

    **Petitioner,**

**v.**                                             **Civil Action No. 1:14-cv-221**
                                                **(Judge Keeley)**

**RUSSELL PERDUE, Warden,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On December 29, 2014, Timothy Ruff ("Petitioner") filed this *pro se* Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241. On January 26, 2015, he paid the $5.00 filing fee. Petitioner is a federal inmate housed at FCI Gilmer and is challenging the validity of his conviction and sentence imposed by the United States District Court for the Western District of North Carolina. This matter is now pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2.

### II. FACTS[1]

On July 8, 1996, in the United States District Court for the Western District of North Carolina, Petitioner was charged along with four co-defendants for conspiracy to violate the Hobbs Act, armed robbery, using and carrying a firearm during a crime of violence, being a felon in possession of a firearm, possession of stolen firearms, and theft of firearms. On September 20, 1996, Petitioner entered into a plea agreement with the Government pursuant to which he agreed to

---

[1] The recitation of the factual history of petitioner's conviction, sentence and post-convictions pleadings is taken from his criminal docket sheet available on PACER (W.D.N.C. 4:96cr56-1) as well as his appellate history with the Fourth Circuit Court of Appeals.

plead guilty to Count One (conspiracy, to obstruct, delay and affect commerce by robbery, in violation of 18 U.S.C. § 1951); Count Two (obstruct, delay and affect commerce by robbery and aiding abetting the same, in violation of 18 U.S.C. § 1951 & (2); and Count Three (using a firearm during and in relation to a crime of violence, and aiding and abetting the same, in violation of 18 U.S.C. § 924(c). On April 14, 1997, Petitioner was sentenced to a term of 240 months imprisonment each on Counts One and Two, to be served concurrently, and a term of 120 months on Count Three, to run consecutively to the sentenced imposed on Counts One and Two, for a total sentence of 360 months imprisonment. Petitioner was ordered to reimburse the government for court appointed counsel, pay $12,888 in restitution to an individual and $3,505.25 restitution to the North Carolina Crime Victims Compensation Commission.

Petitioner timely appealed to the United States Court of Appeals for the Fourth Circuit and argued that the Government breached the written plea agreement by declining to move for a downward departure based on his substantial assistance under USSG § 5K1.1. On February 23, 1993, in an unpublished opinion, the Fourth Circuit rejected this claim and affirmed the District Court's judgment, noting that not only was there no unconditional promise to move for a 5K1.1 departure, but also Petitioner had actually refused to cooperate with the Government prior to sentencing. United States v. Ruff, 135 F.3d 771 (table) 1998 WL 67795 (4th Cir. 1998).

On March 22, 1999, Petitioner filed a motion to modify his sentence; it was denied two days later. On August 30, 1999, Petitioner filed a motion challenging his order of restitution, which the court construed as a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. On September 3, 1999, the Court dismissed the Motion to Vacate as untimely, because it was filed outside of the one-year period provided under the Antiterrorism and Effect of Death Penalty Act

("AEDPA"). On October 26, 1999, Petitioner moved in the sentencing court for leave to file a § 2255 Motion; it was denied on November 5, 1999. On January 20, 2000, Petitioner filed a § 2244 Motion for authorization to file a successive habeas application with the Fourth Circuit; by Order entered February 2, 2000, the Motion was denied. On October 18, 2000, Petitioner filed a second § 2244 Motion for Authorization to file successive habeas application with the Fourth Circuit; by Order entered November 8, 2000, the Motion was denied. Petitioner filed a Motion for Reconsideration on December 11, 2000; the Motion was denied the same day. On October 2, 2001, Petitioner filed a third § 2244 Motion for Authorization to file successive habeas application with the Fourth Circuit; by Order entered October 22, 2001, the Motion was denied. Petitioner filed a second § 2255 Motion to Vacate on September 9, 2004; the Court dismissed it as an unauthorized second or successive petition on October 4, 2004. Petitioner filed a letter Motion for Reconsideration on March 7, 2005; it was denied on March 10, 2005. On June 2, 2008, Petitioner filed a motion for relief from judgment in the sentencing court; it was denied on July 21, 2008. On June 27, 2008, Petitioner filed a Petition for Writ of Mandamus with the Fourth Circuit, seeking an Order directing his release from prison, based on his claim that the United States had no jurisdiction to prosecute him. On October 23, 2008, by unpublished *per curium* opinion, the Fourth Circuit denied the Petition. On July 26, 2012, Petitioner filed his third § 2255 Motion to Vacate; it was dismissed on October 16, 2012, as yet another unauthorized, successive § 2255 Motion. Petitioner appealed to the Fourth Circuit on November 19, 2012. On April 2, 2013, the Fourth Circuit entered an order denying him a certificate of appealability and dismissing the appeal. Petitioner then filed a Petition for Rehearing, which was also denied, by Order entered June 10, 2013. On December 3, 2012, Petitioner filed a fourth § 2244 Motion for Authorization to file a successive habeas application with the

Fourth Circuit; by Order entered December 21, 2012, the Motion was denied. On January 24, 2013, Petitioner filed his fourth § 2255 Motion to Vacate; on July 8, 2013, it likewise was dismissed as unauthorized and successive. On July 17, 2013, Petitioner filed a Notice of Appeal; the same day, in a letter to the court, he withdrew the Notice of Appeal, stating "I have since wrote [sic] to the appropriate court to seek permission to file the appropriate motion." On August 2, 2013, Petitioner filed his fifth § 2244 Motion for Authorization to file successive habeas application with the Fourth Circuit; by Order entered August 29, 2013, the Motion was denied.

In his pending § 2241 action, Petitioner attacks the validity of his conviction and sentence and asserts four grounds for relief: 1) prosecutorial misconduct; 2) defective indictment/actual innocence; 3) invalid plea/ineffective assistance of counsel; and 4) actual innocence. In his Memorandum of Law Petitioner expands on these assertions. He alleges that the Shelby Police failed to make a protective sweep and instead conducted an illegal search and seizure of his black suitcase. Petitioner maintains that the Government was aware the Shelby Police lacked an affidavit to search the suitcase, and therefore, committed a Brady violation. Petitioner further maintains that his counsel was ineffective[2] for failing to challenge the validity of the search. Petitioner contends that he was unaware of the illegal search, and therefore, his guilty plea was not knowingly and voluntarily made. For relief, Petitioner seeks an order vacating his sentence, or at the very least, an evidentiary hearing. Petitioner also asks for the return of his class ring, three gold chains, a gold Citizens watch, and the $2000.00 cash that was in his locked black suitcase which has been in the government's possession for nineteen years.

---

[2]On February 6, 2015, Petitioner filed a document from the Disciplinary Hearing Commission of the North Carolina State Bar which indicates that his attorney was disbarred from the practice of law, thirty days from the date of service of the December 14, 2012, Order of Discipline. (Dckt. No. 11-1, p. 21).

4

## II. ANALYSIS

A motion filed under § 2241 is typically used to challenge the manner in which a sentence is executed. See In re Jones, 226 F.3d 328, 334 (4th Cir. 2000); In re Dorsainvil, 119 F.3d 245, 249 (3rd Cir. 1997). A motion filed pursuant to § 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. See Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) (collecting cases from other circuits).

However, despite the fact that a § 2255 petition is the proper vehicle for challenging a conviction or the imposition of a sentence, a § 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of what is known as the Section 2255 "savings clause." See Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001). The savings clause provides that a prisoner may file a writ of habeas corpus if a remedy through a § 2255 motion is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255. The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). It is well established that "in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). Furthermore, a § 2255 motion is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under the section is time-barred. United States v. Laurie, 207 F.3d 1075, 1077 (8th Cir. 2000).

The Fourth Circuit has examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy. In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit

5

concluded that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.[3]

Id. at 333-34.

Although the petitioner does not raise the savings clause, it is clear that he is not entitled to its application. In the instant case, even if the petitioner satisfied the first and third elements of Jones, a violation of 18 U.S.C. § 1951 and 18 U.S.C. § 924(c)(1)(A) each remain a criminal offense. Therefore, because the petitioner clearly attacks the validity of his conviction and sentence, and fails to establish that he meets the Jones requirements, the petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy and has improperly filed a § 2241 petition.[4]

Furthermore, the petitioner's attempt to invoke the holding in McQuiggin v. Perkins, 133 S.Ct. 1924 (2013) is misplaced. In McQuiggin, the Court held that a prisoner filing a first-time federal habeas petition could overcome the one-year statute of limitations in § 2244(d)(1) upon a

---

[3]The "gatekeeping" requirements provide that an individual may only file a second or successive § 2255 motion if the claim sought to be raised presents:
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255; see Jones, 226 F.3d at 330.

[4]The undersigned recognizes that Petitioner claims that he is "actually innocent." However, in order to raise a claim of actual innocence under § 2241, the petitioner must first establish that he is entitled to review under § 2241 by meeting the Jones requirements.

showing of "actual innocence" under the Schlup[5] standard. 133 S.Ct. at 1928. Thus, McQuiggin held that a claim of actual innocence can overcome the expiration of the statute of limitations only for an untimely **first** habeas application. 133 S.Ct. at 1928. The key to understanding McQuiggin is that the Supreme Court concluded that Congress, through its silence on the issue, did not intend to eliminate the pre-existing equitable "actual innocence" exception for an untimely first-time filer. See Id. at 1934. Notably for the petitioner, the McQuiggin Court expressly recognized that Congress, through § 2244(b), had intended to "modify" and "constrain" the "actual innocence" exception with respect to second or successive petitions. See Id. at 1933-34. Accordingly, nothing in McQuiggin allows the petitioner to attack his conviction through successive §2244 or §2255 motions, let alone via a § 2241 motion.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petitioner's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 be **DENIED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendations. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

---

[5]Schlup v. Delo, 513 U.S. 298 (1995).

7

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: March 23, 2015.

                                              /s Robert W. Trumble
                                              ROBERT W. TRUMBLE
                                              UNITED STATES MAGISTRATE JUDGE