IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**TIMOTHY LAMONT RUFF,**

       **Petitioner,**

**v.** // CIVIL ACTION NO. 1:14CV221
                                        (Judge Keeley)

**RUSSELL PERDUE, Warden,**

       **Respondent.**

### ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 12] AND DENYING THE PETITION [DKT. NO. 1] WITH PREJUDICE

On December 29, 2014, the pro se petitioner, Timothy Lamont Ruff ("Ruff"), filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241 (Dkt. No. 1). Ruff, who is currently incarcerated at Federal Correctional Institution Gilmer, challenges the validity of his conviction in the United States District Court for the Western District of North Carolina.

On March 23, 2015, United States Magistrate Judge Robert W. Trumble filed a Report and Recommendation ("R&R"), in which he recommended that the Court deny the petition with prejudice (Dkt. No. 12). On April 1, 2015, Ruff filed objections to the R&R (Dkt. No. 14). For the reasons that follow, the Court **ADOPTS** the R&R and **DENIES** the petition **WITH PREJUDICE**.

**RUFF V. PERDUE**                                                    **1:14CV221**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 12] AND
DENYING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

### BACKGROUND[1]

On July 8, 1996, a federal grand jury in the United States District Court for the Western District of North Carolina indicted Ruff on charges of conspiracy to violate the Hobbs Act, armed robbery, using and carrying a firearm during a crime of violence, being a felon in possession of a firearm, possession of stolen firearms, and theft of firearms (Dkt. No. 12 at 1). On September 20, 1996, Ruff pleaded guilty to three counts: (1) conspiracy to obstruct, delay, and affect commerce by robbery; (2) conspiracy to obstruct, delay, and affect commerce by robbery, aiding and abetting; and (3) using a firearm during and in relation to a crime of violence, aiding and abetting. Id. at 2.

On April 14, 1997, the district court sentenced Ruff to a total term of 360 months of imprisonment and ordered that he pay $16,393.25 in restitution.[2] Id. at 3. Ruff appealed his conviction to the United States Court of Appeals for the Fourth Circuit, which affirmed the judgment of the district court on

---

[1] As in the R&R, this background information comes from Ruff's criminal case in the Western District of North Carolina, No. 4:96CR56-1.

[2] The Court sentenced Ruff to a term of 240 months on Counts One and Two, to be served concurrently, and a term of 120 months on Count Three, to be served consecutively (Dkt. No. 12 at 2).

February 23, 1998.  Id.; United States v. Ruff, 135 F.3d 771 (table) (4th Cir. 1998).  On March 22, 1999, Ruff filed a motion to modify his sentence, which was denied two days later (Dkt. No. 12 at 2).  On August 30, 1999, he filed a motion challenging the restitution order, which the district court construed as a motion to vacate pursuant to 28 U.S.C. § 2255, and dismissed as untimely on September 3, 1999.  Id.  Since then, Ruff has filed four motions in the Fourth Circuit seeking permission to file a second or successive habeas motion, all of which have been denied.  Id. at 3-4.  He also has filed no fewer than three additional § 2255 motions, which have all been dismissed as second or successive.[3]  Id.

Ruff filed his § 2241 petition in this Court on December 29, 2014, arguing that his conviction and sentence are invalid due to prosecutorial misconduct, a defective indictment, an invalid plea, and actual innocence (Dkt. No. 1).  According to Ruff, his counsel was ineffective for failing to challenge the validity of a warrantless search conducted in an apartment where he had left a black suitcase.  Id. at 4.  He contends that the government

---

[3] Ruff also filed a motion for reconsideration, denied on March 10, 2005, a motion for relief from judgment, denied on July 21, 2008, and a petition for writ of mandamus, denied on October 23, 2008.  Id. at 3.

violated Brady v. Maryland, 373 U.S. 83 (1963), because it was aware that the police lacked an affidavit to search his suitcase. Id. Ruff seeks an order vacating his sentence and the return of his possessions that were stored inside the black suitcase. Id.

On January 7, 2015, Ruff filed page five of the indictment as an exhibit; he claims that this part of the indictment was defective for failing to list the exact barrel length of the shotgun found within his suitcase (Dkt. No. 6). On January 23, 2015, Ruff filed an addendum to his petition to include the grievance he filed with the North Carolina State Bar complaining about the representation provided by his attorney (Dkt. No. 9-1).[4]

On March 23, 2015, Magistrate Judge Trumble issued an R&R, recommending that the Court deny Ruff's petition with prejudice because of his failure to meet the requirements of the 28 U.S.C. § 2255(e) savings clause (Dkt. No. 12). In his objections to the R&R that he filed on April 1, 2015, Ruff largely reiterates the arguments in his petition (Dkt. No. 14). Later, on September 30, 2015, he also filed a motion for an evidentiary hearing (Dkt. No. 15). For the reasons that follow, the Court **ADOPTS** the R&R, **DENIES**

---

[4] Ruff's attorney, C. Gary Triggs, was disbarred by the North Carolina State Bar effective January 31, 2013 (Dkt. No. 9-2). On February 6, 2015, Ruff filed the disciplinary order regarding Triggs' disbarment (Dkt. No. 11-1).

**AS MOOT** the motion for an evidentiary hearing, and **DENIES** the petition **WITH PREJUDICE**.

### STANDARD OF REVIEW

On review of a magistrate judge's R&R pursuant to 28 U.S.C. § 636, a court reviews de novo only those portions of the R&R to which timely objection has been made. 28 U.S.C. § 636(b)(1)(C). Courts will uphold those portions of a recommendation as to which no objection has been made, unless they are "clearly erroneous." See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). Because Ruff filed objections, the Court will review the R&R de novo.

### ANALYSIS

Ruff argues that he is "actually innocent" of the offenses of conviction due to ineffective assistance of counsel, prosecutorial misconduct, and an invalid plea agreement (Dkt. No. 1-3). Relying on the United States Supreme Court decision in Lafler v. Cooper, 132 S.Ct. 1376 (2012), he contends that he has satisfied the § 2255(e) savings clause, and asks the Court to vacate his sentence (Dkt. No. 14).

A petitioner generally uses § 2241 to challenge the execution of his sentence, not the illegality of the sentence itself. In re

Jones, 226 F.3d 328, 332-33 (4th Cir. 2000). Instead, a petitioner should utilize § 2255 to challenge his conviction or the imposition of his sentence. Id.

A petitioner may only use § 2241 to challenge his sentence under the § 2255(e) savings clause when a § 2255 petition would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). Pursuant to In re Jones, a petitioner in the Fourth Circuit must meet the following criteria to establish that § 2255 would afford an inadequate or ineffective remedy:

> (1) [A]t the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333-34. Section 2255 is not rendered inadequate or ineffective because of "a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal." Phillips v. Francis, No. 5:06CV159, 2009 WL 779040 (N.D.W. Va. Mar. 23, 2009) (Stamp, J.),

aff'd, 332 Fed. Appx. 103 (4th Cir. 2009) (citing Vial, 115 F.3d at 1194 n. 5).

The Fourth Circuit has "confined the § 2255 savings clause to instances of actual innocence of the underlying offense of conviction," Darden v. Stephens, 426 Fed. App'x. 173, 174 (4th Cir. 2011)(per curiam), and has declined to extend it to "petitioners challenging only their sentence." United States v. Poole, 531 F.3d 263, 267 n. 7 (4th Cir. 2008).[5] Moreover, the strong preference is that sentencing courts should generally address sentencing errors under § 2255. United States v. Frady, 456 U.S. 152, 182 n. 5 (1982) ("[Section] 2255 directs the prisoner back to the court that sentenced him"). Only "in very limited circumstances" may a distant federal court entertain a challenge to another district court's actions. Poole, 531 F.3d at 267.

Here, Ruff fails to meet the requirements of Jones because his offenses of conviction remain crimes. See 18 U.S.C. § 1951; 18 U.S.C. § 924(c). Additionally, § 2255 would not be an inadequate or ineffective remedy merely because Ruff is barred from filing a second or successive § 2255 motion. Phillips, 2009 WL 779040.

---

[5] Before Ruff can bring an actual innocence claim, however, he must meet the requirements of the savings clause. See In re Jones, 226 F.3d at 333-34.

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 12] AND DENYING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

Ruff's argument that <u>Lafler</u> somehow entitles him to avail himself of the savings clause is unpersuasive. In <u>Lafler</u>, the Supreme Court held that the respondent could bring a petition under 28 U.S.C. § 2254 to challenge his conviction on the grounds of ineffective assistance of counsel after his attorney advised him to reject a favorable plea offer based on incorrect legal principles. 132 S.Ct. at 1384. Ruff has already availed himself of a petition pursuant to § 2255, and thus cannot use § 2241 as a "back door" to bring a successive § 2255 petition without meeting the requirements of the savings clause. <u>In re Jones</u>, 226 F.3d at 333-34. The Court lacks jurisdiction to review Ruff's claims under the § 2255(e) savings clause, because he "is not innocent of anything." <u>United States v. Surratt</u>, 797 F.3d 240, 248 (4th Cir. 2015).

In conclusion, for the reasons discussed, the Court **ADOPTS** the R&R (Dkt. No. 12), **OVERRULES** Ruff's objections (Dkt. No. 14), **DENIES AS MOOT** the motion for evidentiary hearing (Dkt. No. 15) and **DENIES WITH PREJUDICE** Ruff's petition (Dkt. No. 1).

It is so **ORDERED**.

**RUFF V. PERDUE** 1:14CV221

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 12] AND DENYING THE PETITION [DKT. NO. 1] WITH PREJUDICE**

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record and the pro se petitioner, return receipt requested, and to enter a separate judgment order.

DATED: November 3, 2015.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE